By the Court.
 

 These cases originated in the court of common pleas of Cuyahoga county. In that court and in the Court of Appeals they were heard and submitted together, and will be so considered and decided by this court; the parties being referred to as they appear in the lower courts.
 

 The plaintiffs sought a rescission of their several contracts of purchase of stock of the defendant company, the grounds set up in their petitions and amended petitions being, in substance, as follows: That the duly authorized salesman and agent of the defendant company, for the purpose and with the effect of inducing the purchase of said stock by the plaintiffs, made false representations, known by the defendant company to be false, which were relied
 
 *420
 
 upon by tbe plaintiffs; they not knowing of the falsity thereof. The three claimed false representations then pleaded are, in substance: That the defendant company dealt only in first mortgages; that the purchase of said stock was like putting money in a bank, but at a higher rate of interest; and that plaintiffs would receive a passbook and their money would be as safe as it would be in a savings account, and, if they desired, the company would resell their stock and refund their money upon 30 to 60 days notice, for which service they would be charged a commission of 5 per cent.
 

 In the trial court, a motion for judgment, made at the close of the plaintiffs’ case, was sustained; and, upon the hearing of the case in the Court of Appeals, that court took like action, the entry therein showing its finding to be “that plaintiffs have not adduced evidence sufficient in law, to show any right to the relief prayed for.” And judgment was rendered for the defendant.
 

 The record'was ordered certified to this court upon the theory that it presented a question of law for the decision of this court, that question being whether it was error for the Court of Appeals to sustain a motion for judgment for the defendant at the conclusion of the evidence offered by the plaintiffs.
 

 A question quite similar was before this court in the case of
 
 Euclid Arcade Bldg. Co.
 
 v.
 
 H. A. Stahl Co.,
 
 99 Ohio St., 47, at page 49, 121 N. E., 820, and it was there held: “Unquestionably, the defendant had the right at the close of the plaintiff’s evidence to rest its case and submit it upon the facts proven. # trial 0f a iaw case -fco the court without
 
 *421
 
 the intervention of a jury is tantamount to the trial of a chancery case. If the plaintiff at the close of his case has offered no evidence upon a material fact required to be proved, or has offered evidence of such a character as to overwhelm any
 
 prima facie
 
 case made by him, common sense would require that at the instance of the defendant the litigation should be then terminated. There is no presumption that later in the trial the defendant would offer more substantial evidence in the plaintiff’s favor than plaintiff himself offered.”
 

 An inspection of the record in the instant case discloses that, while plaintiffs adduced some evidence tending to prove the charges of misrepresentation alleged, there is sharp conflict in the evidence presented relating to the only claimed misrepresentations of material and existing facts, thereby-requiring a weighing of the evidence by the Court of Appeals, which resulted in the conclusion that the evidence was insufficient to show any right to the relief prayed for. This court will not weigh the evidence.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones and Matthias, JJ., concur.