**SIZEMORE ET., Plaintiffs-Appellees, v BELSER, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6731.    Decided January 20th, 1947.

William R. Collins, Cincinnati, for plaintiffs-appellees.
Robert G. McIntosh, Cincinnati, for defendant-appellant.

**OPINION**

By MATTHEWS, J.

This is an appeal from a judgment of the Court of Common Pleas reversing a judgment of the Municipal Court of Cincinnati for the defendant.

226

The plaintiffs sued to recover a judgment for money on account of damage done to their automobile through the negligence of the defendant.

The trial in the Municipal Court was to the Court without a jury. At the close of the plaintiffs' evidence, the defendant "moved for a directed verdict for the defendant on the plaintiffs' case." This motion was sustained, a motion for a new trial overruled, and judgment entered for the defendant.

As the trial judge was the trier of the issues of fact as well as law, the motion for a "directed verdict" presented to him the duty of deciding whether as a matter of fact or law the plaintiffs had failed to sustain the burden resting upon them. And the sustaining of such a motion is a finding by the trial judge either as a matter of law or fact, or both, that the defendant is entitled to judgment. Such a motion raises a broader issue than that raised when the issues of fact are being tried to a jury. A motion at the close of the plaintiffs' evidence, or at the close of all the evidence that the court instruct the jury to return a verdict raises the issue of whether there is substantial evidence in support of the party having the burden, and if there is, the motion must be overruled, and the jury, as the trier of the facts, allowed to perform its function. Where a jury is waived and the issues of fact submitted to the court without a jury, a motion for a verdict or judgment at the close of the plaintiff's evidence raises the issue of whether the evidence then before the court, as the trier of the facts, preponderates in favor of the plaintiff. If the evidence is of equal weight, or the greater weight favors the defendant, the motion should be sustained. Thereafter, the case is in the same situation as would be created in a trial by jury upon the return of a verdict for the defendant. Neither the action of the trial judge without a jury nor the verdict of a jury should be disturbed on the ground that it is against the weight of the evidence, unless it is manifestly so.

As is said in 39 O. Jur. 1193, et seq:—

"Unquestionably, in the trial of an action to the court, the defendant has the right, at the close of the plaintiff's evidence, to rest his case and submit it upon the facts proven; and if it appears that the plaintiff has offered no evidence upon a material fact required to be proved by him or has offered evidence of such a character as to overwhelm any prima facie case made by him—if the evidence of the plaintiff preponderates in favor of the defendant—there is no reason why the case should proceed further, incurring useless expense and for an unavailing

purpose, unless the defendant should be fortunate enough to offer testimony that would bolster up his opponent's case."

This question was directly answered in **Building Co. v Stahl Co., 99 Oh St 47,** in which the court clearly drew the distinction between a motion for an instructed verdict in a jury trial and a motion for judgment in a trial without a jury and at **page 49** said:

"But why should the rule apply to the trial court which has assumed the province of a jury in the trial of issuable facts? Unquestionably, the defendant had the right at the close of the plaintiff's evidence to rest its case and submit it upon the facts proven. We see no reason why, at the close of plaintiff's case, if the evidence of the plaintiff preponderates in favor of the defendant, the case should proceed further, incurring useless expense and for an unavailing purpose unless the defendant were unfortunate enough to offer testimony that would bolster up his opponent's case."

See, also, **State, ex rel. Gauvey v Lofton, 12 Abs 415; Kroger v Clark, 52 Oh Ap 33.**

So the task confronting the courts reviewing the action of the Municipal Court is not that of determining whether there is any evidence, but rather whether the finding of the court is manifestly against the weight of the evidence.

The plaintiffs' automobile was parked along the curb of Montgomery Road in Norwood. The defendant was proceeding along that street. There was water, ice, and slush on the street. It was slippery. The defendant was the only person present at the time of the accident. He was called on cross-examination by the plaintiffs, and testified that as he was proceeding on his right side of the street, at not exceeding 35 miles per hour, another automobile proceeding in the opposite direction struck his automobile causing him to lose control of his automobile and that although he did all in his power to regain control, he was unable to do so, and while his automobile was beyond his control it slid or skidded to the opposite side of the street where plaintiffs' automobile was parked and struck it.

The only other evidence related to the condition of the street and the damage to the plaintiffs' automobile, excepting that one of the plaintiffs testified that when she reached the scene of the collision immediately after it occurred and when

the defendant was in a dazed condition or just recovering from the dazed condition caused by the collision, he said he did not know what happened. She and other witnesses also said they did not see any automobile in the street other than the two that had collided. The police officer who arrived two minutes after the collision testified that the defendant told him that an automobile going at a rapid speed in the opposite direction struck the left front fender of his automobile, causing it to skid and slide around, strike a pole and careen off it and skid down the hill till it struck plaintiffs' automobile. He told the police officer that after his automobile was struck and started to skid, he could not tell what happended.

The evidence failed to show any act of the defendant constituting negligence as a matter of law. Counsel cites §6310-21 GC, and contends that it was violated. That Section seems to be §6307-21 GC, now. That section does not impose a specific requirement to do a specific act. Furthermore, whether it was violated as to speed depended upon what inferences were drawn from the evidence, and as to the assured clear distance provision it was inapplicable. This was not a case of a collision with an object in the path of the defendant's automobile. If defendant was truthful, he was diverted from his path by the negligence of a third person, and, of course, the law did not require him to anticipate that.

Under the law, the trial court, sitting without a jury, in passing upon the motion for a judgment was required to weigh this evidence to determine whether the greater weight showed that the defendant was negligent. Did his conduct conform to that of a reasonably prudent person under all the circumstances shown by the evidence?

The trial court found that the plaintiffs had failed to show that it did not by the greater weight of the evidence. There is substantial evidence in support of that conclusion. We cannot say that the conclusion of the trial court is manifestly against the weight of the evidence.

Counsel relies upon a general statement in the opinion in **Glenny v Wright, 53 Oh Ap 1, at 11,** upon the subject of negligence in relation to a skidding automobile. That quotation shows that the court fully understood that whether negligence was present depended upon all the facts and circumstances. In that case the jury returned a verdict for the defendant and the court affirmed the judgment.

The other case is that of **Kaczmarek v Murphy, 78 Oh Ap 449.** The claim was that the skidding on the icy highway was caused through the defendant's negligent operation of his auto-

mobile. Contrary to the situation in the case at bar, a jury was impaneled to try the issues of fact. The trial court sustained the defendant's motion for an instructed verdict and thereby prevented the trier of the facts from deciding the issues of fact, whereas, in the case at bar the judge, as the trier of the facts, passed upon the issues of fact. All the Court of Appeals decided was that there was a conflict in the evidence and reversed the judgment and remanded the case for a new trial.

For the reasons herein set forth, the judgment of the Court of Common Pleas is reversed, and that of the Municipal Court affirmed.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur in Syllabus, Opinion and Judgment.