GEST, APPELLANT, *v.* PIKETON LANES, INC., APPELLEE.

(No. 8021—Decided December 28, 1965.)

*Mr. Fred M. Campbell,* for appellant.
*Mr. R. Brooke Alloway* and *Mr. N. Victor Goodman,* for appellee.

GUERNSEY, J.   In plaintiff's original petition filed in the Columbus Municipal Court on June 12, 1964, he alleged defendant's agreement with plaintiff to pay plaintiff $3,750 for obtaining a loan for defendant and alleged defendant's indebtedness to plaintiff in the amount of $13,215.44 for the furnishing and installation by plaintiff of certain carpet and carpet padding for defendant.   Plaintiff then alleged that "against this total account of * * * ($16,965.44) defendant has paid * * * ($12,925), leaving an unpaid balance of * * * ($4,040.44) which defendant refuses to pay," and for which latter amount plaintiff prayed judgment.

Subsequently, plaintiff filed an amended petition alleging only the $13,215.44 indebtedness for the furnishing and installation of the carpet and padding, that "against this account defendant has paid the sum of * * * ($9,175) leaving an unpaid balance of * * * ($4,040.44) which defendant refuses to pay," and for which amount plaintiff prayed judgment.

In its answer to the amended petition defendant admitted a contract with plaintiff for the carpet, carpet padding and installation, but alleged "that it has paid plaintiff the sum of $12,825 as payment toward the contract price of $13,215.44, leav-

ing an unpaid balance of $390.44, which balance defendant admits to be due plaintiff."

On trial to the court without a jury, after reference had been made to the agreed contract price for the furnishing and installation of the carpet and padding, plaintiff testified on direct examination (with emphasis added):

"Q. What payments have you received *on this contract?* A. Oh, approximately—

"The Court: Exactly, not approximately; we want it exact. This is on an account. You can't 'approximately.' Now, we've got to have exact figures. A. I'm aware of that. I believe the figure is as stated there in the petition, of *$9,175* I believe it is.

"Q. That is the total amount of payment then *on this contract?* A. *Toward that contract;* that's right.

"Q. Was that the total amount of receipts by you of funds from the defendant from May 27, 1963 [installation date], to date? A. No; I, subsequently to May 27th, I did receive *other funds.*

"Q. Would you explain to the court these funds? A. I'd be glad to.

"Q. When and what amounts? A. I received, approximately October 28th, a thousand dollars. And in May—or correction—February 7th, I believe it was, of 1964, this year, we received a payment of ten thousand dollars.

"Q. Now, Mr. Gest, you stated a moment ago that you only received $9,175 in payments on this contract; yet now you stated you have received a total of eleven thousand dollars from the defendant since May 27, '65. Could you explain the differentiation between these two figures? A. *There was a previous account.*

"Mr. Alloway [defendant's counsel]: I'll object, * * *.

"* * * [discussion by counsel and court].

"The Court: Well the objection will be sustained."

On cross-examination plaintiff testified as follows (with emphasis added):

"Q. Mr. Gest, did you, under oath in your original petition filed in this matter, state that you had been paid by Piketon Lanes the sum of $12,925? A. To the best of my knowledge, this is the first time I've been under oath, right now.

"Q. *I show you,* Mr. Gest, *a document which is marked petition and bears a file stamp of June the 12th, Columbus Municipal Court, entitled William B. Gest* v. *Piketon Lanes, Inc.,* and I'll ask you if your signature appears on the second page of that document? A. It does.

"Q. And I'll ask you if, in the course of statements *in the petition which is part of the court file,* you allege that you had been paid the sum of $12,925 by the defendant, Piketon Lanes, Inc.? A. Yes, that is correct.

"Q. And you made this statement under oath? A. That is correct."

(The petition referred to was not then nor thereafter formally offered into evidence by either party.)

On redirect examination plaintiff testified (with emphasis added):

"Q. Mr. Gest, let me ask you on redirect examination—repeat an earlier question. What were the total amount of *payments received by you on the contract in question for the carpeting and installation thereof?* A. I received $9,175."

At this point, after some further discussion between plaintiff's counsel and the court, the plaintiff rested, whereupon the defendant moved that judgment be entered in favor of plaintiff and against defendant in the amount of $390.44, which motion was sustained by the court. It is from the judgment so entered that this appeal has been perfected.

Plaintiff's first assignment of error is that the court erred "in excluding evidence of plaintiff-appellant as to the identification and allocation of receipts by him from defendant-appellee." Although, as appears in plaintiff's testimony on direct examination, the court did sustain an objection by defendant, the objection was made after the question was answered, there was no motion or order of the court made with reference to striking out any testimony, the testimony to which the objection pertained is still in the record, and the record does not show that any evidence offered by plaintiff was excluded by the court. This assignment of error is therefore without merit. See 88 Corpus Juris Secundum 267, Trial, Section 133.

The second assignment claims error of the court in permitting plaintiff to be cross-examined as to the contents of the original petition over the objection of his counsel, and is like-

wise without merit. As stated in 31A Corpus Juris Secundum 783, Evidence, Section 304:

"Although a pleading which has been withdrawn, stricken or superseded by amendment is out of the case in its capacity as a pleading, so that the pleader is no longer concluded by it, and statements therein cease to be judicial admissions, they still remain as statements seriously made and are admissible in evidence, on behalf of the opposite party, as admissions by the pleader, where the pleader is a party to the subsequent litigation, where the statements are material and relevant to the issues in connection with which they are sought to be introduced, and where, in the event of a pleading withdrawn by leave of court, no order is made relieving the pleader from the admissions made. * * *

"* * *.

"To be so used as evidence by the adverse party, the statement or admission must be contrary to a contention made by the pleader in the case on trial, and against his interest, and the superseded pleading must be introduced in evidence * **."

Subject to the general rule that the extent or limitation of cross-examination rests in the sound discretion of the trial court, a party may be cross-examined with reference to admissions made by him in an abandoned pleading. *Crawford* v. *Bohannon,* 110 Ohio App. 71.

The third assignment of error is that the verdict and judgment are contrary to law and against the weight of the evidence. Although judgment was actually entered for the plaintiff, it was entered only in the amount admitted by defendant in its answer to plaintiff's amended petition and, for such reason, in legal effect and in its application to the issues now before us, constitutes a judgment for defendant. Under this assignment plaintiff would have the defendant's motion for judgment made at the close of plaintiff's evidence determined in the same manner when trial is to the court alone as a similar motion for directed verdict would be determined when trial is to a jury, with the evidence construed most strongly in favor of the plaintiff. The defendant, on the other hand, claims that under the circumstances here the trial judge is permitted and required to weigh the evidence, that such was done here, and that this reviewing court may not reverse the trial court on evidentiary grounds un-

less we find the judgment to be manifestly against the weight of the evidence.

In support of its claims the defendant cites the cases of *Euclid Arcade Building Co.* v. *H. A. Stahl Co.* (1918), 99 Ohio St. 47, and *Sizemore* v. *Belser* (1947), 80 Ohio App. 383. We are of the opinion that the defendant, and the court in the *Sizemore case*, have misconstrued the impact and effect of the decision of the Supreme Court in the *Euclid Arcade case*, particularly with reference to the continued effect of the latter decision in the face of its implied modification by the abolition of the scintilla rule in *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469. This implied modification, and the inapplicability of the *Sizemore case*, were first set forth by the Court of Appeals of the Sixth Appellate District in a footnote to the syllabus of the opinion in the case of *Laskey* v. *Hilty* (1951), 91 Ohio App. 136, 137. Thereafter, in the case of *Foster* v. *Lee Motors, Inc.* (1956), 102 Ohio App. 10, Judge Fess of that court distinguished these cases and arrived at what we consider to be the proper rule to be followed in these circumstances, stated in the syllabus as follows:

"In an action for damages tried to a court without the intervention of a jury, if the plaintiff, at the close of his case, has offered no evidence upon a material fact required to be proved or has offered evidence of such a character as to overwhelm any prima facie case made by him, on motion of the defendant, judgment should be entered for the defendant; but, if at the close of his case the plaintiff has adduced evidence tending to prove each material allegation of his claim upon which reasonable minds could well differ, no occasion arises for the trier of the facts to weigh such evidence, and the defendant's motion for judgment should be overruled."

Without giving any consideration to the abandoned original petition or to plaintiff's testimony as to the application of funds paid to "a previous account," the oral testimony of the plaintiff is that he had received $9,175 payment on the account of $13,215.44 due under the *contract for the carpeting and installation thereof*. The only other testimony of any probative value even possibly inconsistent therewith was that elicited on cross-examination that he had made an allegation under oath in the original petition that he "had been paid the sum of $12,925 by

the defendant Piketon Lanes, Inc." There was thus specific and unrebutted testimony that on the specific contract sued upon he had received payment of $9,175, which tended to prove all the material allegations of his amended petition then in issue and make a prima facie case for plaintiff. Testimony of an allegation in an abandoned pleading that he had been paid a different and larger sum of money by defendant but which testimony does not reflect on the purpose or purposes for which such money was paid, or on the application of such payments, does not *overwhelm* the prima facie case made by plaintiff. On this basis alone the motion of defendant for judgment should have been overruled.

Moreover, the plaintiff was cross-examined with reference to a specific document fully identified by him and by the attorney for the defendant, namely the original petition which was in the file of the case and constitutes one of the pleadings included in the original papers filed in this court as part of the record before us on this appeal. It is true that this original petition was not offered, or received, in evidence. A rule of long standing with reference to documents is set forth in the syllabus of *Bevington* v. *State* (1853), 2 Ohio St. 160:

"When an instrument in writing is produced by a party on trial as evidence, and witnesses are examined in relation to it, without objection to its admissibility from the other side, it is not error for the court to regard it as in evidence, although not formally offered and read by the party producing it."

In our opinion it is only a logical extension of this rule, and we hold that, in a trial to a court without a jury, when a party is cross-examined with reference to a specific allegation which he has made in a fully identified abandoned pleading filed in the same cause, and such pleading is not formally offered or received in evidence but is included in the original papers in the action filed with the trial court and with the Court of Appeals, his admission as to the making of a certain allegation in the abandoned pleading must be considered in the light of other allegations in that pleading, as if the pleading had been admitted into evidence, when determining whether, on the issues joined and being tried to the court, such admission constitutes an admission against that party's interest.

On the facts of this case any other conclusion would not be

in the interests of justice and would unduly penalize a client for the inadvertence of his counsel in not formally offering the abandoned pleading into evidence. Reference to the abandoned original petition discloses that, as hereinbefore set forth and quoted, the allegation as to the payment of $12,925 pertains to a payment made against a *total account* of $16,965.44, alleged to be for services rendered in obtaining a loan for defendant as well as for the furnishing and installation of carpet. There was never any allegation in the original petition constituting an admission by the plaintiff that $12,925 had been paid by defendant on the carpet account alone.

We conclude that the judgment of the court, entered pursuant to defendant's motion, is contrary to law, and to that extent plaintiff's third assignment of error is well taken. For the same reasons we also conclude that plaintiff should have been granted a new trial as claimed in his fourth assignment of error.

Finding that the Municipal Court committed error prejudicial to the plaintiff in entering judgment for the plaintiff in only the amount admitted by defendant, pursuant to defendant's motion made at the close of plaintiff's evidence, and in not granting a new trial, such judgment and the order of the court sustaining defendant's motion are reversed and vacated, and the cause is remanded to the Municipal Court with instructions to overrule defendant's motion and for further proceedings as provided by law.

*Judgment reversed.*

BRYANT, P. J., and TROOP, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.