Jacobs et al., Appellants, *v.* Board of County Commrs. of Auglaize County, Appellee.

[Cite as Jacobs v. Bd. of County Commrs. (1971), 27 Ohio App. 2d 63.]

(No. 246—Decided August 11, 1971.)

Messrs. *Robenalt, Daley, Balyeat & Balyeat,* for appellants.

Mr. *H. Michael Moser,* prosecuting attorney, and Messrs. *Peck, Shaffer & Williams,* for appellees.

Guernsey, J. (presiding). This cause originated as a proceeding before the Board of County Commissioners of Auglaize County, Ohio, for the establishment of a sewer district. Mrs. Jacobs owns and her husband has a dower interest in approximately 14 acres located within the boundaries of the sewer district assessed for the improvement. They appealed to the Probate Division of the Court

of Common Pleas of Auglaize County under the provisions of R. C. 6117.09 *et seq.*

At the close of their evidence, on motion of the defendant the trial judge found that they had failed to establish their case by a preponderance of the evidence and entered judgment dismissing the appeal.

It is from this judgment that Mr. and Mrs. Jacobs have appealed to this court assigning error of the trial court (1) in failing to find separately upon each claim for adjustment of the apportionment of the tentative assessment, and (2) in granting the defendant-appellees' motion to dismiss the appeal. We will consider the latter assignment of error first.

As prescribed by R. C. 6117.15 the appeal to the Probate Division of the Common Pleas Court proceeds as a trial under the rules of law and procedure governing civil cases in the court of common pleas.

Prior to the adoption of the civil rules, effective July 1, 1970, rules of law applicable to the determination of a motion for involuntary dismissal made at the conclusion of plaintiff's case in a trial to the court without a jury had evolved over the years from numerous cases starting with *Euclid Arcade Bldg. Co.* v. *H. A. Stahl Co.*, 99 Ohio St. 47, and including *Matthews* v. *State Mortgage and Investment Co.*, 119 Ohio St. 419, *Sizemore* v. *Belser,* 80 Ohio App. 383, *Foster* v. *Lee Motors, Inc.*, 102 Ohio App. 10 and *Gest* v. *Piketon Lanes, Inc.*, 5 Ohio App. 2d 1. It could be concluded from these authorities that if at the close of his case the plaintiff has adduced evidence tending to prove each material allegation of his claim upon which reasonable minds could well differ, no occasion arises for the trier of the fact to weigh such evidence, and the defendant's motion for judgment should be overruled.

However, Civil Rule 41 (B)(2), applicable by virtue of R. C. 6117.15 to this appeal to the Probate Division of the Common Pleas Court, prescribes as follows:

"*Dismissal; non-jury action.* After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiv-

ing his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court *as trier of the facts may then determine them and render judgment* against the plaintiff or may decline to render any judgment until the close of all the evidence. * * * ." (Emphasis added.)

This rule was derived from the Federal Rule of the same number. It has been determined in the Federal courts that under this rule the court, in a non-jury case, on a motion for involuntary dismissal, is not required to review the evidence in the light most favorable to the plaintiff but is required only to determine whether the plaintiff has made out his case by a preponderance of the evidence. *U. S.* v. *Huck Mfg.* (D. C. Mich. 1964), 227 F. Supp. 791, affirmed 382 U. S. 197, 86 S. Ct. 385. See also, *Ellis* v. *Carter* (CA 9), 328 F. 2d 573, *Huber* v. *American President Lines* (CA 2), 240 F. 2d 778, and *Southern Arizona York Refrigeration Co.* v. *Bush Mfg. Co.* (CA 9), 331 F. 2d 1. See also, McCormac, Ohio Civil Rules Practice, Section 13.08.

It follows that the judge of the Probate Division of the Common Pleas Court, upon the motion for dismissal being made, was entitled to weigh the evidence. His conclusions may not be set aside unless they are erroneous as a matter of law or against the manifest weight of the evidence. We find no error as a matter of law and the evidence being conflicting and of such character that reasonable minds might differ as to the conclusions to be drawn therefrom we cannot say that the conclusion of the trial judge that the appellants had failed to establish their case by a preponderance of the evidence was against the weight of the evidence.

As to the first assignment of error, R. C. 6117.17 prescribes:

"At the conclusion of the trial * * * the probate court shall find separately upon each claim for adjustment of the apportionment of the tentative assessment, if the appeal is from the judgment of the board of county commissioners in reference to apportionment of such assessment."

The judgment of the trial court in dismissing the appeal was tantamount to a finding and judgment against the appellants on each claim for adjustment of the apportionment of the tentative assessment.

Finding no error prejudicial to the appellants in any of the particulars assigned the judgment of the Probate Division of the Common Pleas Court must be affirmed.

*Judgment affirmed.*

COLE and TROOP, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.