MORGAN ROOFING, INC., APPELLANT, *v.* OHIO BELL TELEPHONE COMPANY ET AL., APPELLEES.

(No. 8599—Decided October 31, 1984.)

*John D. Poley,* for appellant.

*Thomas A. Linton,* for appellee Ohio Bell Telephone Company.

*John A. Cumming,* for appellee L. M. Berry and Company.

WEBER, J. This appeal is from a judgment of the trial court, which affirmed and adopted the report of the referee, dismissing the cause of action pursuant to Civ. R. 41(B)(2). The appellant, Morgan Roofing, Inc., brought this action alleging appellees Ohio Bell Telephone Company and L. M. Berry and Company negligently placed an advertisement for Morgan and Sons Roofing Company, a defunct business which had declared bankruptcy prior to the suit, and in which the owners of appellant were also involved as owners. The report and decision of the referee, adopted by the trial court, held that appellees' motions for dismissal were well-taken in that appellant had not shown a right to relief under the facts and law presented. The trial court held that Ohio law does not recognize the tort of negligent publication of advertisements in the "yellow-pages" section of a telephone directory.

Appellant brings one assignment of error on appeal of that decision to this court:

"Public policy favors the creation of a cause of action for Morgan Roofing, Inc., where none now exists, to prevent foreseeable injury to similar small businesses, arising from defendants' negligence and to protect important community interests."

It is acknowledged by appellant that at present Ohio law does not recognize a cause of action for negligent publication of an advertisement in the yellow-pages section of a telephone directory. The Ohio Supreme Court has clearly spoken in its opinion in *Richard A. Berjian, D.O., Inc.* v. *Ohio Bell Tel. Co.* (1978), 54 Ohio St. 2d 147, 155 [8 O.O.3d 149], that it is strictly a private endeavor where negligence is alleged in an action against a telephone company and its agent for the performance of advertising services arising out of a contract between the parties. Likewise, the First Appellate District has held that no cause of action exists in a similar factual situation to the one at hand. *Kenning* v. *Cincinnati Bell, Inc.* (Sept. 19, 1979), Hamilton App. No. C-780396, unreported.

The facts of this case are as follows: A former business called "Morgan and Sons Roofing Company" contracted with Ohio Bell, through its agent L. M. Berry, both appellees herein, to publish an advertisement for the business in the yellow pages for the 1981 issue of the telephone directory. The advertisement contract provided that the ad would automatically be placed in the next year's directory unless the telephone service was terminated before a certain closing date for the next directory publication, in which case the ad would not appear. The ad would be automatically placed, however, if service was reconnected before the closing date. The customer was also able to have the ad removed for the next directory by requesting its removal in writing to the telephone company.

Morgan and Sons Roofing Company declared bankruptcy in 1981, and subsequently dissolved. There was some in-

dication that although service had been disconnected, it had been reconnected at some later time; and, the testimony of appellant indicates uncertainty as to whether the service was reconnected. A new corporation was formed with Earn Morgan and his wife Shirley as primary stockholders. They had been principals in the old Morgan and Sons Roofing Company. The new business was called "Morgan Roofing, Inc."; and, subsequently, authorized agents of the new company contracted with Ohio Bell to place an ad in the yellow pages of the 1982 directory. The new ad appeared as contracted for in the 1982 directory, but the former ad for Morgan and Sons Roofing Company also appeared in the same directory. Appellant contended in its complaint that the appellees were negligent in publishing the Morgan and Sons Roofing Company advertisement, and that said publication caused confusion of customers and loss of profits for the Morgan Roofing, Inc. business.

We decline to create a new tort as requested by appellant on review. Such an important legal step should properly be taken by the Ohio Supreme Court, especially in view of that court's prior holding in *Richard A. Berjian, D.O., Inc.* v. *Ohio Bell, supra,* which declined to recognize a right of action similar to the one appellant requests in this case. Appellant has no contractual remedy to recover from appellees, because the advertisement contracted for by Morgan Roofing, Inc., was published exactly as requested. We refuse to hold that a telephone company has an independent duty outside its contractual one, to the public at large, for publication of its advertisements. In this case, appellees fulfilled their contractual duties to appellant. Appellant claims that publication of another ad, for a company that no longer existed, somehow harmed their business. Taken to the extreme, appellant's argument would create negligence liability of the telephone company and its agents for printing ads of every business competitor of a complainant who claims that printing ads of the competitors harmed the profitability of its business. No duty to the public at large is owed by the telephone company and its agents where an advertisement is placed in the yellow pages for a company no longer in existence.

Appellant's contract with appellees was fully performed and there is no negligence alleged as a result of that agreement. Appellant was not a part of the contractual relationship which gave rise to the publication of the complained-of ad, even though owners of the appellant company were also owners of the previous business advertised. There being no privity, we hold that appellees did not owe a duty to appellant for alleged negligent publication of another business' advertisement in the yellow pages of the telephone directory.

In this case, the trial court dismissed the case with prejudice pursuant to Civ. R. 41(B)(2). The judgment of the trial court will not be set aside on appeal unless it appears that the trial court was erroneous as a matter of law or that the judgment was against the manifest weight of the evidence. *Auto-Owners Ins. Co.* v. *Crowell* (Jan. 3, 1983), Montgomery App. No. 7914, unreported. See, also, *Jacobs* v. *Bd. of County Commrs.* (1971), 27 Ohio App. 2d 63, 65 [56 O.O.2d 245]. Upon review of the record and considering the admission of the state of the law in Ohio by appellant in its brief, we find that the court did not err as a matter of law, and the judgment that no cause of action existed was not against the manifest weight of the evidence.

Appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.