OPINION
Plaintiff-appellant Joanna DeFrank ("plaintiff") appeals the decision of the trial court granting defendant-appellee Jon Mullen, d.b.a. JM Auto Sales' ("defendant") Civ.R. 41 (A) motion for involuntary dismissal.
A review of the App.R. 9 (C) Statement of the Evidence reveals plaintiff filed a complaint against defendant on August 28, 1997, alleging consumer fraud in violation of R.C. 1345.02 and 1345.03. The complaint stated plaintiff signed a purchase agreement for the sale of a 1986 Mazda on May 23, 1997. The purchase price was $2,204.65 and plaintiff made a down payment of $700 and an additional payment of $564.77. The remaining balance was to be reduced by monthly installment payments. Printed in bold face letters on the front side of the contract was the wording "SOLDAS IS." The complaint stated further that on June 16, 1997, defendant had the vehicle repaired at Cottman Transmission for $800 and added this expense to plaintiff's bill. Approximately three months later, on September 24, 1997, defendant repossessed the car as a result of plaintiff's failure to make payments. Defendant subsequently sold the car at auction.
The complaint claims the vehicle was sold with numerous disguised defects that defendant knew or should have known about thus rendering the vehicle unmerchantable, unfit, and unsafe for the road. Specifically, plaintiff complained she lost the transmission within a week and the brakes, fuel line, gas tank, belts, tires, wheel cylinders, calipers, and pipes, all developed defects within one month.
At trial, the following testimony was elicited. Plaintiff stated on May 23, 1997, she went with a friend to defendant's used car lot in Cleveland. She said she looked at several cars and agreed to purchase the Mazda and signed the contract. Plaintiff testified further that within three days the car experienced transmission problems and she returned the car to defendant's lot to be repaired. She said she did not have use of the car again until June 16, 1997. In addition, plaintiff stated she had to pay for other repairs to the car. This included a broken windshield, which occurred while she was driving the car when the hood sprung open and smashed the windshield. Plaintiff concluded by saying defendant agreed to pay for these repairs, that the repairs substantially deprived her of use of the vehicle, and that defendant's salesman informed her the car was safe and reliable before she purchased it.
Plaintiff's friend, Henry Coleman, testified he was present when defendant's salesman assured plaintiff that the vehicle was safe and reliable and that the car appeared to be acceptable at the time of purchase.
On cross-examination, defendant said he added $800 to plaintiff's bill but she should have been aware that this would be done even though it was not explicitly stated. He stated that he had the car repossessed due to plaintiff's failure to make payments and sold it at an auction for $300.
At the close of plaintiff's case, defense counsel moved for dismissal of the case pursuant to Civ.R. 41 (A). The trial court reviewed the evidence and found the car was a "lemon" but there was no evidence that defendant knew of this condition and there were no records that prior repairs were made to the car. Therefore, the trial court granted defendant's motion to dismiss. Plaintiff filed a timely notice of appeal and now presents a single assignment of error.
In her sole assignment of error plaintiff states as follows:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S CIVIL RULE 41 (A) MOTION FOR INVOLUNTARY DISMISSAL AT THE CLOSE OF PLAINTIFF-APPELLANT'S CASE DURING TRIAL.
Plaintiff argues defendant had knowledge the car was defective. In support, she states she paid $2,204.65 for the car in May and four months later the car sold for $300, the trial court found the car was a "lemon," she incurred an $800 charge for repairs without being forewarned, and she had to make major repairs to the car three days into her ownership. Plaintiff claims although she purchased the car "as is," defendant is still subject to the consumer sales law in R.C. 1345.02, and 1345.03. She contends defendant violated these provisions by claiming the car had certain benefits it does not have and defendant committed an unconscionable act by knowingly taking advantage of her by selling her a "lemon" car. Plaintiff also argues the trial court erred by finding defendant did not have "actual knowledge" of the defective condition of the car when those words are not a relevant standard found in any statute. Lastly, plaintiff complains the trial court failed to take into consideration the representation made by defendant's salesman that the car was safe and reliable.
The involuntary dismissal of non-jury actions comes within the scope of Civ.R. 41 (B) (2), providing for a motion by the defendant for same upon completion of the presentation of the plaintiff's evidence, at which time the court, as trier of the fact, may weigh the plaintiff's evidence to determine whether the plaintiff has made out his case by a preponderance of the evidence. Jacobs v. Bd. of Cty. Commrs. (1971), 27 Ohio App.2d 63.
In Levine v. Beckman (1988), 48 Ohio App.3d 24, the court summarized the Civ.R. 41 (B) (2) standard as follows:
 "In ruling upon a Civ.R. 41 (B) (2) motion, it is the function of the trial court to review the evidence and the law. Civ.R. 41 (B)(2). In this respect, the trial court is not required to construe the evidence in favor of the nonmoving party, but rather may weigh the evidence and render judgment. Central Motors Corp. v. Pepper Pike
(1979), 63 Ohio App.2d 34, 47-48. Where plaintiff's evidence is insufficient to sustain plaintiff's burden in the matter, the trial court may dismiss the case. See Civ.R. 42 (B) (2). While dismissal is discretionary with the trial court, that discretion is not absolute. Rather, the decision to dismiss must be guided by the evidence in the case and the pertinent law. Jacobs v. Auglaize Cty. Bd. of Commrs. (1971), 27 Ohio App.2d 63.
First, plaintiff complains the following sections of R.C. 1345, Consumer Sales Practices, were violated by defendant:
1345.02 UNFAIR OR DECEPTIVE ACTS OR PRACTICES
 (A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
 (B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:
 (1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;
 (2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;
 1345.03 UNCONSCIONABLE ACTS OR PRACTICES
 (A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
 (B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:
 (1) Whether the supplier has knowingly taken advantage of the inability of the consumer reasonably to protect his interests because of his physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement;
Essentially, R.C. 1345.02 provides that a supplier may not make deceptive representations about the performance characteristics, benefits, quality, or standards of the subject of a consumer transaction. R.C. 1345.03 provides that no supplier shall commit an unconscionable act or practice in connection with a consumer transaction.
Plaintiff maintains defendant violated these provisions, yet the evidence does not support this contention. The only evidence plaintiff submits in support of this argument is her own testimony and that of her friend who stated defendant's salesman stated the car was safe and reliable. There is no evidence indicating defendant knew the car was defective or that it was a lemon. Plaintiff had every opportunity to inspect the car or bring in her own mechanic to inspect the car. Her friend even testified the car appeared to be acceptable at time of purchase. Plaintiff signed the purchase agreement with full knowledge that she was accepting the car "as is." In addition, plaintiff did drive the car off the lot and drive it for three days before the transmission malfunctioned. Plus, the other defects; i.e.;
brakes, gas tank, wheel cylinders, occurred more than a month after the car came into plaintiff's ownership. Thus, when defendant's salesman allegedly said the car was safe and reliable he was correct as the car did function properly for a short period of time and only broke down after plaintiff undertook ownership.
As to plaintiff's claim that defendant's acts were unconscionable, plaintiff contends defendant not informing her that she would have to pay for additional repairs such as the $800 repair job on the transmission goes against good customer relations and falls within the scope of R.C. 1345.03. This argument does not demonstrate how defendant knowingly took advantage of the inability of plaintiff to reasonably protect her interests because of her physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement. Plaintiff had the opportunity to inspect the car, she agreed to purchase the car "as is," and agreed to undertake "the cost of repairs to or maintenance of" the car as stated in the purchase agreement. Without evidence that defendant had knowledge the car was defective we find defendant did not commit an unconscionable act and violate R.C. 1345.03.
In support of her arguments plaintiff also cites to Clayton v.McCary (1976), 426 F. Supp. 248, where an auto dealer represented that a car was in A-Number One Condition," then failed to incorporate such representation into the written sales contract which said the car was conveyed "as is." The court held not incorporating such a representation into the contract was violative of R.C. 1345.02. This case can be distinguished by the fact that McCary admitted to making the above representation and not incorporating it into the agreement. In the present case, defendant never admitted he or his salesman ever informed plaintiff the car was safe and reliable. As a result, we have contradictory testimony which results in a question of fact. A trial court is in the best position to judge the credibility of the witnesses and weigh the evidence. Ostasz v. Medical Collegeof Ohio (1996), 114 Ohio App.3d 391. The trial court chose to place less weight on plaintiff and her friend's testimony and we find no abuse of discretion in this determination.
Second, plaintiff complains the trial court erred in finding defendant had to have "actual knowledge" of the defective condition to substantiate a violation of R.C. 1345.02 and1345.03. In her brief, plaintiff does not cite to that portion of the record where the court made this finding. See App.R. 16. Moreover, our review of the record does reveal the trial court used the actual knowledge standard in the disposition of this case.
Lastly, plaintiff argues defendant had knowledge of the defective condition of the car. The court's disposition inSchneider v. Miller (1991). 73 Ohio App.3d 335, whose facts are analogous to the instant case, is dispositive of this issue. InSchneider, Schneider and his brother-in-law went to Miller's used car lot, took a car for a test drive, and subsequently purchased the car. Schneider signed two documents agreeing the car was bought "as is." A few days after the purchase, Schneider discovered the entire underside of the car was rusted and barely attached to the frame. He attempted return the car and rescind the contract but Miller refused. Schneider filed a complaint alleging Miller had engaged in fraud by making false representations and assurances and had engaged in deceptive and unfair practices pursuant to R.C. 1345.02. The trial court denied all of Schneider's claims. On appeal the trial court's decision was affirmed. Regarding the false representation claims, the court held:
 Appellant produced no evidence that appellee made any statements or engaged in any conduct which could be construed as a false representation. There was also no evidence that appellee concealed any material fact concerning the vehicle. Appellee disclosed to appellant certain repairs that needed to be made and there is no evidence that appellee had any knowledge concerning the rusted frame and body on the car. Furthermore, appellant had every opportunity to inspect the car before purchase and, having failed to do so, cannot now complain of that failure.
This holding is directly on point to the facts of the instant case. Plaintiff and her friend went to defendant's used car lot and signed a contract to purchase the car "as is." Plaintiff had every opportunity to inspect the car and declined to do so. Plaintiff subsequently discovered the car had many defects and filed a complaint arguing defendant made false representations about the car. The only evidence plaintiff submits in support of her claim that defendant made false representations is her own testimony and that of her friend's claiming defendant's salesman said the car was safe and reliable. The trial court found this testimony unpersuasive and obviously self-serving in granting defendant's Civ.R. 41 (B) motion for involuntary dismissal.
Based on the foregoing analysis, we find the trial court did not abuse its discretion in granting defendant's Civ.R. 41 (B) motion for voluntary dismissal. Accordingly, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY B. McMONAGLE. P.J., KENNETH A. POCCO, J.,CONCUR.
 _____________________________ JUDGE JOHN T. PATTON