OPINION
Petitioner-appellant Fanny Shutway ("appellant") appeals from the judgment of the Cuyahoga County Court of Common Pleas which sustained a motion to dismiss and thereby refused to grant her Petition for a Civil Protection Order brought pursuant to R.C.3113.31. For the reasons stated below, we reverse.
The record demonstrates that on July 9, 1999, appellant filed a petition for civil protection from respondent-appellee Dennis Shutway ("appellee") with a request for an ex parte Civil Protection Order. An ex parte Civil Protection Order was issued by the trial court the same day and the matter was set for evidentiary hearing to commence on July 20, 1999. At the hearing, in support of her petition, appellant presented the cross-examination testimony of appellee and her own direct testimony.
The evidence revealed that a confrontation occurred between the parties in the bedroom of their marital home on July 5, 1999. On cross-examination, appellee admitted that on many occasions he had used a small tape recorder to record his wife. He stated that about 3:00 p.m. on July 5, he was engaged in a telephone conversation with his sister in North Carolina when appellant arrived home and came into their bedroom. After appellant entered the room a conflict ensued and he turned on the tape recorder. He was playing, but appellee denied that his actions caused appellant to come into contact with the walls, bed or dresser. When he left the room, he remained talking on the portable phone. Appellant followed him outside and she asked a neighbor to call the police.
Appellant testified as to her version of the incident. She stated that when she entered the bedroom she and appellee were talking. Appellee approached her so she put her hand up, but he continued toward her until his chest was pressing against her hand. She said that he started talking as if there were an audience listening, and he said "[t]hat don't hurt me. Her hands on my chest don't hurt me. * * *" At that point, she noticed something in his pocket and she saw a red light. She asked appellee whether he was recording her again and she reached for the tape recorder. Then, appellee turned on her, grabbed her arm and pushed her causing her to hit the wall, the dresser and the bed. The assault both frightened and upset her. She held onto appellee's shirt while defending herself and during the struggle the buttons popped off. When she released her grip on appellee's shirt, he left the room. She went downstairs, encountered him in the hall still using the phone and asked him for the phone so that she could call the police. He refused and attacked her again, pushing her into the wall. She went outside, asked a neighbor to call the police and waited outside for their arrival. She testified that as a result of appellee's actions she sustained bruises on her arms, the backs and fronts of her legs, and her right arm was strained from being twisted. On July 7, she showed her injuries to her co-workers who took photographs documenting bruises on her arms, a bruise on her upper leg, a bruise on her right leg above the knee, a bruise on the back of her leg and a bruise on the top of her right hand which she claimed was sustained when appellee hit her with the bottom part of the phone. Appellant testified that during the incident she was very frightened, upset and scared. At the time of the hearing, she testified that she remained in fear of her safety.
On cross-examination, appellant said she showed the marks which she sustained as a result of the altercation to the police when they arrived. The marks were still red because the bruising had not yet occurred. She admitted that she did not remain in the bedroom after appellee left the room but said she followed him in order to obtain the telephone so that she could call the police. She conceded that she reached for the tape recorder, but she neither grabbed nor pushed appellee. During the struggle, she was unable to get away because appellee was holding her by the arm. She did not yell for help because everything happened so quickly.
At the close of appellant's case, appellee moved to dismiss the petition on the basis that appellant had failed to prove her case. In announcing its decision to grant appellee's motion for involuntary dismissal, the trial court made the following remarks:
 [t]here doesn't appear to be any clear and convincing evidence that the respondent deliberately inflicted any harm on the petitioner. Again, I think the court is seeing a case where the husband and wife get into a pushing contest and without intending to inflict harm, there are some injuries involved, not of any great serious consequence. Certainly no need for any medical attention, and under these prevailing circumstances the court has no alternative but to grant the motion, and the petition will be dismissed, and the entry will be prepared.
The trial court memorialized its decision by journalizing its entry of dismissal of appellant's petition and its vacation of the temporary protection order the same day. Appellant appeals and challenges the trial court's order of dismissal which resulted in its refusal to grant her petition and its vacation of the temporary protection order. On September 30, 1999, this court granted a stay of execution of the trial court's order and ordered the ex parte Civil Protection Order to remain in effect pending resolution of this appeal.
Appellant advances two assignments of error for our review.
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN GRANTING THE APPELLEE'S MOTION TO DISMISS THE APPELLANT'S PETITION FOR CIVIL DOMESTIC VIOLENCE AND IN VACATING THE EX PARTE CIVIL PROTECTION ORDER.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN EXCLUDING EVIDENCE REGARDING THE APPELLANT'S STATE OF MIND THAT OCCURRED AS A DIRECT RESULT OF THE APPELLEE'S CONDUCT AS ALLEGED IN HER PETITION FOR DOMESTIC VIOLENCE.
In her first assigned error, appellant contends the trial court both erred in law and abused its discretion when it dismissed her petition for a civil protection order because the court employed the improper standard of proof and failed to find that the evidence presented supported the conclusion that domestic violence occurred pursuant to the definition as set forth in R.C.3113.31(A)(1)(a).
The record demonstrates that the within action was tried to the court without jury. Thus, the trial court's action on appellee's motion for dismissal is governed by Civ.R. 41(B)(2) which provides:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party.
In considering a Civ.R. 41(B)(2), a trial court is not required to construe the evidence in favor of the nonmoving party. Levinev. Beckman (1988), 48 Ohio App.3d 24, 548 N.E.2d 267. The decision to dismiss must be guided by the evidence in the case and the pertinent case law. Id. at 27. A dismissal, pursuant to Civ.R. 41(B)(2), will only be set aside if it is "erroneous as a matter of law or against the manifest weight of the evidence."Bank One v. Doughman (1988), 59 Ohio App.3d 60, 62-63,571 N.E.2d 442; Johnson v. Tansky Sawmill Toyota (1994), 95 Ohio App.3d 164,167, 642 N.E.2d 9.
A Civ.R. 41(B)(2) dismissal is used in non-jury actions and requires the trial court and reviewing court to apply different tests than a case tried before a jury. Central Motors Corp. v.Pepper Pike (1979), 63 Ohio App.2d 34, 48, 409 N.E.2d 258. The rule specifically provides that the trial court may consider both the law and the facts. Civ.R. 41(B)(2). Under Civ.R. 41(B)(2), the trial judge, as the trier of fact, actually determines whether the plaintiff proved the necessary facts by the necessary quantum of proof. See L.W. Shoemaker, M.D., Inc. v. Connor
(1992), 81 Ohio App.3d 748, 612 N.E.2d 369; Central Motors,supra. Even if the plaintiff has presented a prima facie case, dismissal is still appropriate where the trial court determines that the necessary quantum of proof makes it clear that plaintiff will not prevail. Central Motors, id. at 49. Conversely, if the judge finds that the plaintiff has proven the relevant facts by the necessary quantum of proof, the court must deny this motion and the defendant must put on evidence. See Central Motors Corp.,id. at 48.
On appellate review, to the extent that the trial court's determination rests upon findings of fact, those findings will not be overturned unless they are against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. An appellate court will not reverse the decision of a trial court for being against the manifest weight of the evidence if the decision of the trial court is supported by competent, credible evidence. Id. at 280. To the extent that the trial court's decision is based upon a question of law, an appellate court reviews the trial court's judgment de novo. See Fenly v. Athens Cty. Genealogical Chptr.
(1998), Athens Cty. Case No. 97CA36, unreported. The court must essentially determine whether the plaintiff has made out his case by a preponderance of the evidence. Jacobs v. Bd. of Cty. Commrs.of Auglaize Cty. (1971), 27 Ohio App.2d 63, 65, 272 N.E.2d 635.
Appellant initiated the within action pursuant to R.C. 3113.31. The statutory criteria for determining whether to grant a civil protection order pursuant to R.C. 3113.31 is the existence or the threatened existence of domestic violence. Thomas v. Thomas
(1988), 44 Ohio App.3d 6, 8, 540 N.E.2d 745. "When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or household members are in danger of domestic violence.3113.31(D)." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus.
As pertinent to the matter sub judice, R.C. 3113.31(A) contains the following definition of domestic violence: "the occurrence of one or more of the following acts against a family or household member: (a) attempting to cause or recklessly causing bodily injury; (b) placing another person by threat of force in fear of imminent bodily harm * * *."
First, we find that the record clearly demonstrates that the trial court determined that appellant failed to show by "clear and convincing" evidence that domestic violence occurred. Thus, we find that the trial court erred as a matter of law in applying the incorrect standard of evidence required to be shown by a petitioner to defeat a motion to dismiss the petition for civil protection for domestic violence. Accordingly, we must determine whether appellant made her case by a preponderance of the evidence in order to withstand appellee's motion to dismiss pursuant to Civ.R. 41(B)(2).
Appellant's testimony at the hearing reveals that she reached for the tape recorder; appellee grabbed her arm; a struggle ensued; and she was unable to walk away from the struggle after the first push because he was holding her arm. Her testimony revealed that as a result of the appellee's conduct, she suffered numerous bruises, she asked a neighbor to call the police, and she was in fear of appellee.
Appellee asserts in this appeal that appellant's testimony was inconsistent and lacked credibility and, thus, may be disregarded by the court. It is true that the credibility of the witnesses is a matter for the trier of fact. Seasons Coal v. Cleveland (1984),10 Ohio St.3d 77, 80. As a consequence, the trial court was free to accept or reject the testimony of appellant. Therefore, for purposes of this appeal we will disregard appellant's testimony assuming that the trial court did not consider it to be credible. Nonetheless, the record reveals evidence sufficient to support a conclusion that domestic violence occurred.
First, on cross-examination, appellee admitted to grabbing appellant's arm.
 Question: Isn't it a fact that you grabbed your wife's arm while that tape recorder was playing?
Appellee's Answer: Yes.
Further, the seven photographs introduced at the hearing as Plaintiff's Exhibit 1 reveal numerous bruises and injuries on appellant's hand, arms and legs.
Finally, the court found that injuries occurred as a result of the struggle which took place that day.
Therefore, even if the trial court found the testimony of appellant to be not credible and disregarded her testimony in its entirety, we find on the record before us, the preponderance of unimpeded evidence shows that appellee grabbed appellant and "attempted to cause or did recklessly cause bodily injury" to her. See R.C. 3113.31(A). Thus, we find that the trial court erred as a matter of law in granting appellee's motion to dismiss the Petition for a Civil Protection Order where the unimpeached evidence presented at hearing was sufficient to establish her case. Accordingly, we find appellant's first assignment of error to be well taken.
Our determination of appellant's first assignment of error being dispositive of this appeal makes it unnecessary to review appellant's remaining assignment of error which is moot. App.R. 12(A)(1)(c).
Judgment of the trial court is reversed and this matter is remanded for proceedings consistent with this opinion.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and ROCCO, J., CONCUR.
 ___________________________________ TIMOTHY E. McMONAGLE JUDGE