**[Cite as *Wofford v. Auto Owners Ins.*, 2014-Ohio-2841.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Barry Wofford

     Appellant

v.

Auto-Owners Insurance-Lynn Rex

     Appellee

Court of Appeals No. L-13-1254

Trial Court No. CVE-12-05819

**DECISION AND JUDGMENT**

Decided: June 27, 2014

* * * * *

Barry Wofford, pro se.

Robert J. Bahret and Andrew J. Ayers, for appellee Auto-Owners
Insurance Company.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a pro se appeal from a judgment of the Toledo Municipal Court that granted appellee's motion for a directed verdict on appellant's action filed to recover his deductible from appellee, Auto-Owners Insurance Company. For the following reasons, the judgment of the trial court is affirmed.

**{¶ 2}** This matter arose from an automobile collision involving appellant and another driver, Tiffany Pettaway, on May 8, 2010. Appellant did not report the accident to the police or to appellee, his insurer. He eventually was contacted by Lynn Rex, an Auto- Owners adjuster, following up on a claim made by Pettaway. After speaking to appellant several times, Rex sent a property damage appraiser to inspect both vehicles. On April 2, 2012, appellant filed suit against Auto-Owners to recover his $250 deductible, claiming the accident was not his fault and that the insurance company should not have paid the claim to Pettaway. It is undisputed that Auto-Owners did not receive notice of the trial date because notice was sent to an improper address. As a result, when the case came to trial before a jury on August 23, 2012, appellee did not appear. Therefore, the trial court granted a default judgment for appellant in the amount of $250 plus costs and interest. The trial court vacated the default judgment on October 11, 2012, however, when Auto-Owners demonstrated it had not received notice, and set the matter for trial.

**{¶ 3}** The trial proceeded to the bench and testimony was taken on October 21, 2013. Appellant called no witnesses but informed the court he wished to testify. In so doing, appellant stated that he filed an accident report with the police one month after the collision. He also testified that the police cited Pettaway and that she was ultimately found guilty of a minor misdemeanor in connection with the accident. Appellant further stated that Auto-Owners improperly paid Pettaway's claim for damages to her vehicle. Appellant was unable, however, to point to any portion of his policy with Auto-Owners

2.

that permitted him to contest how the insurer handled claims on his behalf that were paid within the policy limits, or any language permitting him to recover his deductible from Auto-Owners rather than from the third party that caused the accident.

{¶ 4} At the close of appellant's evidence, Auto-Owners moved for a directed verdict, which was granted. Appellant filed a timely appeal.

{¶ 5} In support of this appeal, appellant sets forth 12 arguments under the caption "Statement of Assignment of Error." Due to the length of the "assignments," excerpts of each follow:

The trial court erred by vacating a default judgement [sic] without applying the rules of the court.

The trial court erred granting a motion filed by a person who is not one of the attorneys of record and did not filed [sic] an entry of appearance.

The trial court erred in vacating the trial by jury because appellant fail [sic] to pay jury demand.

The trial courts [sic] erred in notification that harmed the appellant.

The trial court erred by not granting appellant's oral motion for default judgement [sic] when the appellee failed to appear.

The trial court erred when it denied appellant's motion to compel appellee to pay jury demand.

The trial court erred when it vacate [sic] a demand for trial by jury without all parties [sic] consent.

3.

The trial court erred when it deny [sic] the appellant a trial by jury, ORC Rule 38 and TMC Rule 27(C).

The trial court erred in granting a motion for a directed verdict for the appellee when the weight of the evidence was more in favor of the appellant, ORC Rule 12(C) [sic].

The trial court erred when it fail [sic] to address the true issues before the court.

The trial court erred by not holding a fair and impartial trial under the U.S. 6th Amendment [sic].

The trial court erred when it denied the appellant default judgement [sic] when the appellee/defendant Lynn Rex fail [sic] to appear."

**{¶ 6}** Some of appellant's claims/assignments of error are followed by a sentence or two of argument. They are not precise statements but rather, as appellee describes them, "rambling discourse." Then, in the section of his brief captioned "Argument," appellant re-states the issues as he perceives them, primarily supported by brief references to the trial court transcript. Essentially, appellant does not support his claims with relevant legal authority.

**{¶ 7}** It appears that appellant's arguments arise from three main issues: default judgment, lack of a jury trial and the directed verdict.

**{¶ 8}** As to default judgment, appellant asserts that the trial court erred by vacating its order of default judgment. The record reflects, as summarized above, that the trial

4.

court vacated the default judgment when it was made clear that appellee had not been notified of the trial date because the notice was sent to an old address that was not listed in any pleadings filed by Auto-Owners' counsel. The trial court's order vacating judgment was proper in this case. *See* Civ.R. 60(B). Appellant also argues that the trial court erred by denying his motion for default judgment because Lynn Rex, the insurance adjuster who handled this matter, did not appear. The record reflects that the insurance company informed the trial court that Rex, who no longer worked for appellee, would not be appearing as a witness because she was in her 38th week of pregnancy and had been advised by her physician not to travel to Toledo for the trial. Further, the record reflects that the court and the parties agreed Rex's testimony could be admitted through authentication of her claim notes and that it was not necessary for her to appear as a witness.

{¶ 9} As to appellant's arguments regarding this matter being tried to the bench, the record reflects that appellant never demanded a trial by jury. The transcript reflects that appellant may have been confused and perhaps anticipated trial to a jury as he thought appellee had requested same when the case was transferred from small claims to the regular civil docket. This argument is without merit.

{¶ 10} Appellant also asserts that the trial court erred by granting appellee's motion for a directed verdict. Initially, we note that appellee incorrectly requested relief pursuant to Civ.R. 50 at the close of appellant's case. It is well established that in a bench trial, the proper motion for judgment at the conclusion of a plaintiff's case is one

5.

for dismissal under Civ.R. 41(B)(2). *Harris v. City of Cincinnati*, 79 Ohio App.3d 163, 607 N.E.2d 15 (1st Dist.1999). Thus, we will construe it as one for involuntary dismissal under Civ.R. 41(B)(2). The trial court on such a motion "is not required to review the evidence in the light most favorable to the plaintiff but is required only to determine whether the plaintiff has made out his case by a preponderance of the evidence." *Jacobs v. Bd. of Cty. Commrs.,* 27 Ohio App.2d 63, 65, 272 N.E.2d 635 (3d Dist.1971).

{¶ 11} The record reflects that appellant admitted at trial that he had offered no evidence that he lost any money as a result of the accident or that he had paid for any repairs to his vehicle. Appellant did not present any evidence that his deductible was applied to any payments in this matter, nor is there any evidence that appellant paid his $250 deductible for any reason, at any time, following the accident at issue herein. Based on our review of the record, we find that the trial court did not err in granting appellee's motion pursuant to its finding that appellant presented no evidence that he paid a deductible and that, even if he had, he was not entitled to reimbursement of the deductible pursuant to the terms of his policy.

{¶ 12} Based on the foregoing, this court finds that appellant's assignments of error are not well-taken. The judgment of the Toledo Municipal Court is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.          _____

                                                        JUDGE

Thomas J. Osowik, J.

                                          _____

Stephen A. Yarbrough, P.J.                             JUDGE
CONCUR.

                                          _____

                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

I