In re Estate of Colosimo: Nadlin, Appellant, *v.* Mannarino, Exrx., Appellee.

(No. 2421—Decided May 28, 1957.)

*Mr. Emanuel Nadlin,* for appellant.
*Messrs. Murray & Murray,* for appellee.

Crawford, J. This is an appeal on questions of law from an order of the Probate Court dismissing an amended application of appellant attorney for allowance of compensation out of the estate of Antonio Colosimo, deceased. The application was dismissed on oral motion of the executrix, appellee herein, for failure to state a cause of action. The facts alleged in the application having been admitted by the executrix for the purpose of the motion, the motion served the purpose of a demurrer.

The amended application alleges that the applicant, appellant herein, was employed by Maria Colosimo, widow of the decedent, and that he effected a settlement of all her rights and claims in and to the estate; that the settlement was beneficial both to his client and to the estate, especially in facilitating the progress of the administration thereof; and that, therefore, he is entitled to a reasonable fee from the estate.

Several cases are cited in support of this contention. Upon analysis it will be found that they rest upon the equitable

doctrine that where one has created, augmented, or preserved a fund he may be compensated therefrom. The courts which have so held nevertheless recognize the hazard of over-liberal extension of this doctrine.

Compensation has been declared proper where the applicant has through his efforts secured a fund (*Olds* v. *Tucker,* 35 Ohio St., 581); brought a fund into a receivership (*Payne* v. *McNamara,* 9 C. C., 132, 6 C. D., 62); or conserved assets of an estate (*In re Baker,* 47 W. L. B., 559; *In re Estate of Oskamp,* 1 N. P. [N. S.], 197).

Compensation was denied where attorneys for heirs served in an effort adverse and antagonistic to the estate (*In re Estate of Hughes,* 78 Ohio App., 143, 69 N. E. [2d], 216), and where they were serving particular interests and not the estate as a whole (*Kirkbride et al., Exrs.,* v. *Hickok,* 155 Ohio St., 165, 98 N. E. [2d], 4).

As already noted, this case is presented upon the allegations of the amended application, so that no question is raised as to the fidelity of the applicant to his client, or as to the fact that it was fortuitous for the estate that a settlement of many problems may have been effected. But such circumstances do not justify payment of fees by the estate. There had apparently been a controversy or controversies between the widow and the estate in which their positions were antagonistic. If the applicant were to be compensated by the estate, then every counsel who effects a fair settlement of a lawsuit might look to the adverse party for part of his compensation.

The Probate Court held further that it did not have jurisdiction to consider the amended application or to award the relief requested. The amended application says, among other things, that the widow should pay the fee she agreed to pay. With respect to any claim of applicant against the widow, we concur in the court's holding that it is without jurisdiction. But if the Probate Court meant that it did not have jurisdiction to hear this claim for compensation from the estate, we should be compelled to disagree.

The Probate Court is of course clothed with adequate powers to do all things necessary to the administration of decedents' estates, such as: To direct and control the conduct of

executors and administrators and other fiduciaries and settle their accounts (Section 2101.24, Revised Code); to fix compensation for executors and administrators (Section 2113.35, Revised Code), for their attorneys (Section 2113.36, Revised Code), and for fiduciaries generally (Section 2109.23, Revised Code); and to pass upon claims against an estate (Section 2117.17, Revised Code). And, in the performance of its manifold duties, "The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute." Section 2101.24, Revised Code.

Our conclusion, therefore, is that the Probate Court had jurisdiction to pass upon the amended application and that it properly dismissed the same for failure to state a cause of action.

This disposes of the several assignments of error, and the order of the Probate Court dismissing the amended application is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.