JACKSON, APPELLANT, *v.*
GOSSARD, APPELLEE.

(No. 1-87-53—Decided
May 23, 1989.)

*Richard E. Siferd,* for appellant.
*Gerald Gossard,* for appellee.

GUERNSEY, J. This is an appeal by plaintiff Lawrence C. Jackson from a judgment of the Court of Common Pleas of Allen County entered in favor of defendant Gerald Gossard on the sustaining of a motion for judgment made at the close of the plaintiff's opening statement and dismissing the plaintiff's complaint. The action was a money action for the recovery of compensatory and punitive damages alleged to have been sustained by plaintiff resulting from "defendant's unprovoked attack on the plaintiff" causing him personal injuries, pain and suffering, and was being tried to the trial court without a jury.

In his appeal from the judgment of dismissal the plaintiff assigns error in that the trial court "should not have granted a directed verdict after the

opening statement when the facts demonstrated that the appellee used excessive force in extricating himself from a citizen's arrest.''

In his brief opening statement trial counsel for plaintiff stated:

''* * * May it please the Court, basically, this is an action for an assault and battery. On July 5, 1986, at the Allen County Fairgrounds, Mr. Jackson, a chemical engineer at Sohio Chemical, was participating in a race, a four-mile run.

''Thereafter at the Fairgrounds he stuck around and listened to music, watched the fireworks and was leaving. I'm sure the Court is aware of the congestion that normally happens at the Fairgrounds as far as egressing of motor vehicles, and July 6th was nothing different. Bumper to bumper traffic on the egress.

''A Maverick bumped into the back of Mr. Jackson's automobile that he was driving. Mr. Jackson exited his automobile, went back to look to see if there [were] any damages. A short discussion ensued with the driver of the Maverick who will be testifying today in Court. And it was discovered that no damages occurred, and Mr. Jackson was simply returning to his automobile when the Defendant arrived.

''Cursive [sic] remarks were made by the Defendant, and the Defendant then proceeded to Mr. Jackson's rear of his automobile, and for some unknown reason, started messing around, and bending his license plate.

''Mr. Jackson asked him what he was doing, a few other remarks were made by the Defendant at which time Mr. Jackson politely grabbed him by the arm and then indicated, we're going to be talking to some authorities about this, proper authorities, and indicated to him that he was under a citizen's arrest for damaging his automobile, at which time the assault and battery occurred.

''Mr. Jackson was punched in the nose, breaking his nose, and thereby causing damage and resulting in medical expenses as a direct and proximate result of that assault and battery by the Defendant.

''That basically, is our case, Your Honor. It's nothing complicated, however, we feel that we are entitled to a judgment for the amount of medical expenses, plus we are requesting punitive damages of the Defendant for his willful and malicious conduct. Thank you.''

Defense counsel thereupon moved for judgment on the opening statement, asserting that the plaintiff had no authority to make a citizen's arrest for a misdemeanor, and that the defendant, being unlawfully detained or deprived of his freedom of movement, had a right to use whatever force was reasonable to obtain his freedom.

The trial court ruled from the bench sustaining the motion and dismissing the complaint. Its findings on the motion and the rationale of its decision appear in the journal entry of judgment as follows:

''The court therefore finds as a matter of law that a citizen's arrest must be based upon either the commission of a felony or the reasonable cause to believe that a felony had been committed; that a misdemeanor cannot be the basis for a citizen's arrest; that plaintiff's attempt to make a citizen's arrest by grabbing or holding the defendant was unlawful; that the defendant had a right to use reasonable force to free himself and that in his opening statement plaintiff failed to make representations to the court of facts which even if proved were sufficient to constitute a cause of action and that the plaintiff's complaint should be dismissed.''

In the present state of the law it cannot be disputed that a citizen's arrest may not be lawfully made for the commission of a misdemeanor. The

plaintiff's opening statement set forth facts relating to defendant's conduct which in no event would raise that conduct beyond a misdemeanor. Plaintiff does not seriously contest this and in his brief acknowledges that he improperly arrested the defendant.

The law relating to the right to resist an unlawful arrest has progressively developed over the years. It was generally held under common law that in exercising the right to resist an unlawful arrest, a person may use such reasonable force as is necessary to prevent the arrest. In some cases dealing with the amount of force which may be used to avert the threatened consequences of the force used by an arresting officer, it is stated that the person repelling the attack may use no more force than is necessary. It is also said that rightful resistance is generally limited to the same degree of force as is employed in making the arrest. See 5 American Jurisprudence 2d (1962) 778, Arrest, Section 94, and authorities cited therein. See, also, 5 Ohio Jurisprudence 2d (1954) 61, Arrest, Section 52.

In *Columbus* v. *Holmes* (1958), 107 Ohio App. 391, 78 Ohio Law Abs. 231, 8 O.O. 2d 376, 152 N.E. 2d 301, affirmed (1959), 169 Ohio St. 251, 8 O.O. 2d 253, 159 N.E. 2d 232, Judge Bryant cited with approval, and followed, statements in the articles on arrest in both Ohio Jurisprudence and American Jurisprudence to the effect that a person being unlawfully arrested may, in preventing such illegal restraint of his liberty, use such force as may be necessary. We find no recent cases in Ohio which establish any other standard of resistance nor any, prior to *Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173, 70 O.O. 2d 335, 324 N.E. 2d 735, where any substantial distinction is made between unlawful arrests by police officers and unlawful arrests by private citizens. In *Fraley* the Supreme Court followed modern authority, including the Uniform Arrest Act, and held in paragraph three of the syllabus:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is *an authorized police officer engaged in the performance of his duties,* whether or not the arrest is illegal under the circumstances." (Emphasis added.)

In arriving at this conclusion the Supreme Court relied strongly on the fact that the arrest is made by an authorized police officer in the performance of his duties. *Fraley* is not, therefore, authority for any similar conclusion relating to unlawful arrest by private citizens. We conclude, therefore, that the standard of resistance to unlawful arrest appearing in *Holmes, i.e.,* use of such force as may be necessary, still is applicable to citizen's arrests.

However, we are convinced that the trial court was not in a position to apply any standard of resistance to the facts which plaintiff offered to prove by his opening statement. Although defendant's motion made at the close of plaintiff's opening statement was literally "for a judgment based upon the opening statement," the court, as well as the parties, have treated the motion as being one for a directed verdict, and the parties have tested the trial court's action in sustaining same by the standards and requirements for consideration and disposition of a motion for a directed verdict. In doing so, they are all basically mistaken.

Although Civ. R. 50 provides for a motion for a directed verdict which may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence, that rule is applicable only in jury cases and not in cases tried to the court without a jury. The invol-

untary dismissal of non-jury actions comes instead within the scope of Civ. R. 41(B)(2), providing for a motion by the defendant for same upon completion of the presentation of the plaintiff's evidence, at which time the court, as trier of the facts, may weigh the plaintiff's evidence to determine whether the plaintiff has made out his case by a preponderance of the evidence. *Jacobs* v. *Bd. of Cty. Commrs.* (1971), 27 Ohio App. 2d 63, 56 O.O. 2d 245, 272 N.E. 2d 635. Ordinarily, a motion for a directed verdict in a non-jury case will be deemed to be a motion to dismiss pursuant to Civ. R. 41(B), but since there is no provision for involuntary dismissal at the close of a claimant's opening statement, a motion therefor at such time is premature and should be overruled by the trial court. *National City Bank* v. *Fleming* (1981), 2 Ohio App. 3d 50, 2 OBR 57, 440 N.E. 2d 590, approved and followed.

Having reached this conclusion we must accordingly conclude that the trial court committed error prejudicial to the plaintiff in dismissing plaintiff's complaint as set forth in the plaintiff's assignment of error, but not for the reasons set forth and argued thereunder. For the trial court's prejudicial error the judgment must be reversed and the cause remanded to that court with instructions to overrule the defendant's motion to dismiss and for further proceedings as provided by law.

*Judgment reversed
and cause remanded.*

BRYANT and MILLER, JJ., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.