OPINION
This appeal is taken by Defendant-Appellant Vernon G. Tusing from the judgment entered on a jury's verdict by the Court of Common Pleas of Seneca County finding Tusing guilty of felonious assault and sentencing him to a term of three years in prison.
At approximately eleven-forty p.m. on December 2, 1999, George Dosh, a resident of Tiffin, Ohio was preparing for bed when he heard his dogs barking outside his back door. Suspecting criminal mischief, Dosh immediately dressed and went downstairs to investigate. Before exiting the house he noticed his daughter, Nicole and her friend Kayla in Nicole's room watching television. Once outside, Dosh proceeded to take a look around the house for the source of the dog's distress. Dosh testified that as he rounded the corner of his house, he discovered Vernon G. Tusing "looking in my window where my daughter was sitting watching TV and he was jacking off." At this time, Dosh determined to catch Tusing, who soon became aware of Dosh's approach and immediately fled. Instead of returning to his home to phone the police, Dosh began to pursue Tusing hoping to apprehend him. Eventually, Dosh was able to catch up to Tusing and tackle him to the ground. Dosh then forcibly restrained Tusing by punching him every time the latter attempted to sit up. The force of the blows was enough to cause Dosh to break bones in his hand. At one point in the fray, Dosh kicked Tusing.
After several minutes of this struggle Tusing managed to push himself away from the tiring Dosh. As Tusing struggled to his feet, Dosh, lunged at him saying, "you ain't going anywhere". Tusing testified he was afraid Dosh would continue to strike him and that he feared for his life, so he swung a pocketknife with a two-inch blade at Dosh stabbing him once in the abdomen. Tusing fled and Dosh ran to his sister's home just down the block where the police were finally called. The police apprehended Tusing and both men were treated for their injuries at the hospital. According to hospital records Dosh's abdominal wound was determined to be "superficial".
On December 9, 1999, Tusing was indicted for felonious assault, a felony of the second degree. On July 20, 2000, the jury returned a guilty verdict and the trial court entered judgment on the verdict. On November 13, 2000, Tusing was sentenced to three years in prison.
On appeal from that judgment entry Tusing presents three assignments of error. Each assignment asserts that the trial court committed prejudicial error because the jury instructions were in some way improper and erroneous. For economy and clarity we address the assignments of error together.
The giving or refusal to give jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion on the facts and circumstances of the particular case. State v. Martens (1993),90 Ohio App.3d 338, 629 N.E.2d 462. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144.
The trial court retains discretion to use its own language to communicate legal principles and, therefore, it is not required to give a proposed jury instruction in the precise language requested by a party.Youssef v. Parr (1990), 69 Ohio App.3d 679, 591 N.E.2d 762. "A trial court need not instruct the jury where there is insufficient evidence to support an issue." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 124,679 N.E.2d 1099, 1105. "In reviewing a record to ascertain whether sufficient evidence exists to support the giving of an instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Id. (citing Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591, 575 N.E.2d 828, 832).
Tusing presents three separate arguments in support of his assertion that the jury instructions given at his trial were improper and unfairly prejudicial. First Tusing argues that the trial court failed to charge the jury that Tusing had the right to resist "an unlawful citizen's arrest for a mere misdemeanor." Second, Tusing claims that the trial court erred by "insinuating" in the jury instructions that "as a matter of law a knife is a deadly weapon." Finally, Tusing asserts that the self-defense instruction given to jury by the trial court was erroneous because it did not distinguish between the trespass voyeurism situation created by Tusing and the violent assault initiated by Dosh to restrain Tusing. For reasons set forth in this opinion, we reject each of these arguments and find that the trial court did not act arbitrarily or erroneously with respect to any of the jury instructions.
It is well settled that "a citizen's arrest may not be lawfully made for commission of a misdemeanor." Jackson v. Gossard (1989),48 Ohio App.3d 309, 549 N.E.2d 1234. The standard of resistance to an unlawful citizen's arrest is "such force as may be necessary." Id at 311. Tusing argues that the failure to instruct the jury on this point of law unfairly prejudiced his case. We disagree.
It is undisputed that George Dosh did not possess lawful authority to arrest Tusing as Tusing was in fact committing a misdemeanor on Dosh's property.[1] However, there is a question of fact as to whether Dosh was trying to arrest Tusing or just inflict a beating on him for his sexual misconduct. Tusing may have been resisting an unlawful arrest or he may have been simply defending himself. Either way, the law reaches the same result. Whether you call it self defense or resisting an unlawful arrest; a person may only use force that is reasonably necessary to accomplish that end.
The jury was charged as follows:
 If the Defendant had reasonable grounds to believe, and an honest belief, that he was in immediate danger of death or great bodily harm, and that the only means of escape from that danger was by the use of deadly force, the Defendant was justified in using deadly force even though he was mistaken as to the existence of that danger. . .
 In deciding whether the Defendant had reasonable grounds to believe, and an honest belief, that he was in immediate danger of death or great bodily harm, you must put yourself in the position of the defendant with his characteristics and his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at that time. . .
 You must consider the conduct of George Dosh and decide if his acts and words caused the Defendant reasonably and honestly to believe that he was about to be killed or receive great bodily harm.
 In light of this thorough instruction on the use of deadly force, we believe the jury was charged with enough information to come to a conclusion as to Vernon Tusing's conduct. Any instruction about an unlawful citizens arrest would not have changed the standard by which Tusing's conduct was scrutinized and might have confused the jury.
In his second and third assignments of error Tusing suggests that the trial court committed reversible error by "insinuating" that a knife is a deadly weapon and by failing to state that the stabbing was a result of the beating and not the act of voyeurism. In support of his argument the Defendant-Appellant provides no case law or statutory law from which we are to formulate a conclusion. A comprehensive examination of the record reflects that the trial court issued standard, proper jury instructions on self-defense and on the elements of felonious assault. This court finds that it is entirely reasonable that the jury made a finding that a knife was a deadly weapon and that Tusing was indeed at fault for creating the situation that lead to the stabbing by committing an act of sexual deviance on George Dosh's lawn. Nothing in the trial court's refusal to word the jury instructions to the exact liking of Tusing was unreasonable, arbitrary or unconscionable.
The judgment of the Court of Common Pleas of Seneca County is affirmed.
WALTERS, P.J., and SHAW, J., concur.
[1] R.C. 2907.08 reads in pertinent part:
(A) "No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop on another.
* * *
(E)(1) Whosoever violates this section is guilty of voyeurism.
(2) A violation of division (A) of this section is a misdemeanor of the third degree.
The facts elicited at trial establish that Tusing was trespassing on Dosh's property in order to peep through Dosh's window at his daughter for the purposes of sexual gratification.