[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op.3 (A).
Appellant Ernest Zied appeals the judgment of the Hamilton County Court of Common Pleas, Probate Division, denying the application for the payment of fees to his counsel, attorney Harry S. Sudman. The trial court had previously considered competing applications to administer the estate of Joyce Muriel Hageman, and Zied was among the unsuccessful applicants.
Zied raises one assignment of error: that the probate court abused its discretion in denying fees to his attorney in an entry journalized on January 21, 2003. In this entry, an attorney fee of $13,290.50 was awarded to the appointed administrator, who was represented by attorney G. Robert Hines, and a fee of $9,808.00 was awarded to Lenore Brown, the decedent's sister-in-law, another unsuccessful applicant to administer the estate. Lenore Brown was represented by attorney Louis H. Katz. Findings of fact and conclusions of law were included in the entry. Although the record shows that a hearing concerning attorney fees commenced on December 3, 2002 before the probate court and was continued to December 10, 2002, we are unable to find a transcript of that hearing in the record.
R.C. 2113.36 provides, in pertinent part, that "[w]hen an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."
Nevertheless, in In re Keller, the court held, that "[I]n unusual circumstances * * * a probate court may allow payment of reasonable fees from the estate to an attorney employed by an heir or beneficiary where such attorney's services were necessarily and successfully rendered to the benefit of the whole estate."[1]
Similarly, in In re Estate of Fugate,[2] the court agreed that as a general equitable rule, an allowance may be made out of a decedent's estate for the services of attorneys for beneficiaries where those services are beneficial to the entire estate. But the Fugate court rejected the assertion that an attorney may recover payment from a decedent's estate for unsuccessful efforts rendered on a beneficiary's behalf, when those efforts, if successful, would have augmented or benefited the estate.[3] The payment of reasonable attorney fees lies within the sound discretion of the probate court.[4] To demonstrate an "abuse of discretion," the complaining party must show that the court's attitude was "unreasonable, arbitrary, or unconscionable."[5]
In this case, Zied was an unsuccessful applicant to administer the estate. The probate court reviewed the documentation submitted to support the fee application and denied payment because it concluded that the legal services rendered were limited to Zied's pursuit of his unsuccessful application. After reviewing the record, we agree. Thus, the probate court did not abuse its discretion when it denied the application for payment of fees to Zied's attorney. Therefore, the single assignment of error is overruled.
Accordingly, the judgment of the probate court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] See In re Keller (1989), 65 Ohio App.3d 650, 656, 584 N.E.2d 1312; see, also, In re Geanangel, 147 Ohio App.3d 131, 141, 2002-Ohio-850,768 N.E.2d 1235.
[2] See In re Estate of Fugate, 86 Ohio App.3d 293, 299, 620 N.E.2d 966; see, also, In re Estate of Brown (1992), 83 Ohio App.3d 540, 542,615 N.E.2d 319; In re Estate of Thompson (June 15, 2000), 8th Dist. No. 77350 and 77351.
[3] See Fugate at 299, 620 N.E.2d 966.
[4] See Fugate at 298, 620 N.E.2d 966; In re Estate of Rothert
(May 3, 2002), 1st Dist. No. C-010604, 2002-Ohio-2150, ¶ 3.
[5] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.